UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.                                               CASE NO.: 8:05-MC-87-T-27MAP

ROBERT S. McMILLIAN,

        Respondent.
_____/

### REPORT AND RECOMMENDATION

The government has petitioned the Court asking it enforce an Internal Revenue Service administrative summons issued to aid in the collection of tax liabilities for years 1997 through 2002 (doc. 1, ex. 1. ¶ 2).  On October 19, 2005, I issued an order directing Respondent to appear before me and demonstrate why he should not be compelled to comply with the summons (doc. 2).[1]  Notably, that order gave the Respondent ten days to file and serve a written response to the government's petition; it also warned the Respondent that "[o]nly those issues raised by motion or responsive pleading shall be considered by the Court, and any uncontested allegations in the Petition shall be deemed admitted."  Accordingly, the Respondent, acting *pro se,* filed a response to the order to show cause in which he made the usual tax-protestor type arguments.  However, at the outset of today's show cause hearing, the Respondent abandoned those arguments and withdrew his written response.  *See* Respondent's motion to rescind at doc. 5.  Then, despite the Court's order that it would consider only the matters raised in the written response, the

---

[1] This matter is referred to me pursuant to Local Rule 6.01(c)(11).

Respondent argued the government's petition should nonetheless be denied. In short, Respondent claimed that six months ago he filed tax returns covering the1997 through 2002 tax years and he had no further information to give. Indeed, he adamantly asserted the IRS owed him money.[2]

To obtain judicial enforcement of an Internal Revenue Service summons, the government must show: (1) the IRS investigation is being conducted for a proper purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin,* 986 F.2d 463, 466 (11th Cir. 1992). The government can satisfy its *Powell* burden simply by presenting a sworn affidavit of the agent who issued the summons attesting to these facts. *Medlin,* 986 F.2d at 466. Once the IRS makes this showing, the burden shifts to the party contesting the summons to disprove at least one of *Powell's* four elements. Alternatively, the protesting party could convince the court that the judicial enforcement would constitute an abuse of the court's process. *Id.* In any event, the burden on the contesting party is a heavy one which requires allegations of specific facts and the introduction of evidence. *United States v. Leventhal,* 961 F.2d 936, 939 (11th Cir. 1992).

The government has met *Powell's* elements. On the other hand, Respondent offers

---

[2] The summons not only demanded the Responded appear and give testimony but also produce financial documents (bank records, vehicle registration documents, etc.) from January 1, 2004, through February 28, 2005,  The Respondent, who says he is a compliance auditor, stated at the hearing that he does not possess the requested financial documents. Not surprisingly, he refused to say so under oath contending taking an oath or affirmation violated his religious beliefs.

nothing to refute the government's factual or legal arguments. Nor has Respondent convinced me that enforcement of the summons would constitute an abuse of the Court's process. Accordingly, it is

    RECOMMENDED:

    1.  The government's Petition to Enforce the Internal Revenue Service Summons (doc. 1) be GRANTED.

    2.  The Respondent be directed appear before United States District Judge James D. Whittemore at Courtroom 13B, Sam M. Gibbons United States Courthouse, 810 N. Florida Avenue, Tampa, Florida 33602 on December 8, 2005, at 2:00 p.m. for further proceedings.

    IT IS SO RECOMMENDED at Tampa, Florida on November 30, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

    Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:

Hon. James D. Whittemore
Counsel of Record
*Pro Se* Party