UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Petitioner,

vs.   Case No. 8:05-MC-87-T-27MAP

ROBERT S. MCMILLIAN,

Respondent.
_____/

## ORDER ENFORCING INTERNAL REVENUE SERVICE SUMMONS

**BEFORE THE COURT** is the Report and Recommendation of the United States Magistrate Judge (Dkt. 9) recommending that the Government's Petition to Enforce the Internal Revenue Service Summons (Dkt. 1) be granted. Respondent's Objections to the Report and Recommendation are overruled. The Report and Recommendation is accepted, adopted, approved and incorporated herein.

Respondent was served with an Internal Revenue Service investigative summons issued by Revenue Officer Kullman, directing him to appear on March 8, 2005 to give testimony and to produce for examination and copying certain books, records, papers and other data. Respondent appeared as directed but failed to comply with the summons by producing the requested information, books, records, papers and data. The Magistrate Judge conducted a hearing on an Order to Show Cause (Dkt. 2). Respondent appeared *pro se*. Respondent withdrew his previously filed Response to the Order to Show Cause, thereby abandoning those arguments. (See Dkt. 5).

To obtain judicial enforcement of an Internal Revenue Service summons, the Government must show (1) the IRS investigation is being conducted for a proper purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the Commissioner's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964); *United States v. Medlin*, 986 F.2d 463, 466 (11th Cir. 1992). The Government has satisfied its burden in this respect by presenting the sworn affidavit of Revenue Officer Kullman.

Respondent did not meet his burden of disproving any of *Powell's* four elements. Before the Magistrate Judge, he represented that he did not possess the requested financial documents but refused to testify, contending that an oath or affirmation violated his religious beliefs. (See Dkt. 9, n.2).

Before this Court on January 4, 2006, Respondent represented that all requested documents had been furnished to the Internal Revenue Service and referenced documents attached to his objections. (Dkt. 11). Respondent acknowledged, however, that those documents were generated in June 2005, well before the hearing conducted by the Magistrate Judge. In any event, filing the purported tax returns does not absolve Respondent from complying with the lawfully issued summons.[1] Upon consideration, therefore, it is

**ORDERED AND ADJUDGED:**

1.  The Government's Petition to Enforce Internal Revenue Service Summons (Dkt. 1) is GRANTED.

---

[1] To the extent Respondent made argument that he did not have tax liability for the tax years in question and that he was entitled to a credit for overpayment of tax which the Internal Revenue Service had erroneously applied, those matters pertain to issues not before this Court. The only issue before this Court is whether the IRS summons should be enforced.

2.    Respondent is directed to appear at 9450 Koger Blvd., Room 206 Stop 5229, St. Petersburg, Florida 33702 on **Wednesday, January 11, 2006 at 9:00 A.M.** and comply in all respects with the summons issued by the Commissioner of Internal Revenue, a copy of which is attached hereto. Respondent shall appear and give testimony and bring with him and produce for examination, all books, records, papers and other data identified in the summons.

3.    Failure on the part of Respondent to comply with the terms of this Order shall subject him to sanctions, including but not limited to contempt punishable pursuant to 18 U.S.C. § 401(3).

**DONE AND ORDERED** in chambers this 5th day of January, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Respondent Robert McMillian, 4161 70th Ave. N., Pinellas Park, Florida 33781
Counsel of Record