UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

vs.                                Case No. 8:05-MC-87-T-27MAP

ROBERT S. MCMILLIAN,

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by Magistrate Judge Mark A. Pizzo recommending that the United States' Motion for <u>In Camera</u> Evaluation of Respondent's Invocation of the Fifth Amendment Privilege (Dkt. 19) be granted and that Respondent's Motion to Dismiss (Dkt. 20) be denied. (Dkt. 32). Respondent has filed objections to the Report and Recommendation (Dkt. 33) and Petitioner has filed a response (Dkt. 40). After careful consideration of the Report and Recommendation, Respondent's objections, and Petitioner's response, in conjunction with an independent examination of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Respondent raises several objections to the Report and Recommendation, none of which establish that the Magistrate Judge erred in his findings or conclusions. First, Respondent's fear of the Internal Revenue Service ("IRS") or his belief that the IRS has "a history of lying and operating under the 'color of law'" does not justify invocation of the Fifth Amendment Privilege. *See United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985) (in order to invoke the privilege against self-

incrimination an individual "must be faced with substantial and real hazards of self-incrimination"). Likewise, Respondent's challenges to the IRS's authority to issue summonses and its authority to operate outside Washington D.C. are without merit and fail to demonstrate that the Report and Recommendation should be modified.

Finally, Respondent's contention that he was not properly prepared for the January 22, 2007 hearing because notice of the hearing was "improper" is not supported by the record.[1] The docket reflects that Respondent received proper notice of the hearing conducted on January 22, 2007.[2] (Dkt. 29). More significantly, Respondent fails to establish that the hearing was inadequate or that he was denied an opportunity to adequately present his position on the merits. To the contrary, during the hearing conducted *in camera* on January 22, 2007, the Magistrate Judge made "a particularized inquiry . . . in connection with each specific area that the questioning party wishe[d] to explore" and reviewed "Respondent's assertions of the privilege on a question by question basis" as is required by the law of this Circuit. *See United States v. Argomaniz*, 925 F.2d 1349, 1355 (11th Cir. 1991). Respondent's objections are therefore overruled. Accordingly, it is

**ORDERED AND ADJUDGED** that

1. The Report and Recommendation (Dkt. 32) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

---

[1] Respondent claims he was unprepared for the hearing because he believed it was going to be an *in camera* hearing and not a "full hearing." (Dkt. 33, p. 2).

[2] The Amended Order scheduling the hearing explained that the "purpose of the hearing will be to give the Respondent the opportunity to substantiate his privilege claims and for the Court to evaluate his Fifth Amendment assertions." (Dkt. 28, p. 2). The Order instructed Respondent to bring "with him all documents referenced in the February 22, 2005 summons." *Id.*

2. Petitioner's Motion for <u>In Camera</u> Evaluation of Respondent's Invocation of the Fifth Amendment Privilege (Dkt. 19) is **GRANTED**. The Respondent's Fifth Amendment claims as to the questions and requests set forth in IRS Form 433-A (Rev. 5-2001) are sustained and rejected as set forth in the Report and Recommendation.

3. Respondent's Motion to Dismiss (Dkt. 20) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on this 27th day of February, 2007.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record